**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

DANIEL J. BROWN

v.

UNITED STATES OF AMERICA

Civil No. CCB-09-1677
Criminal No. CCB-07-0535

**MEMORANDUM**

Now pending is a petition to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed by Daniel J. Brown. In November 2007, Mr. Brown was indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Mr. Brown moved to suppress physical evidence against him as well as certain statements he made. The court heard evidence on the suppression motion at a hearing on August 27, 2008. At the close of the hearing, the court denied Mr. Brown's motion to suppress physical evidence and reserved on the motion to suppress statements. (ECF No. 37-1, p. 81-84.) Mr. Brown subsequently entered a guilty plea to the offense. On January 29, 2009, the court sentenced Mr. Brown to a term of incarceration of 188 months.

Mr. Brown now challenges his sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel at his suppression hearing and sentencing. (ECF No. 35.) The matter has been fully briefed, and no hearing is necessary. *See* Local Rule 105.6; § 2255. For the reasons set forth below, the petition will be denied.

**Background & Discussion**

Mr. Brown argues that his counsel, Assistant Federal Public Defender Meghan Skelton, was ineffective on four grounds: (1) failing to ask questions proposed by Mr. Brown to witnesses at the suppression hearing; (2) failing to provide a psychiatric evaluation at the sentencing; (3) failing to have copies of the relevant case law at the sentencing; and (4) failing to object to the prosecution's use of a 1988 conviction for the purpose of sentencing enhancement. (ECF No. 35.)

To sustain a claim for ineffective assistance of counsel, Mr. Brown must satisfy the two-prong test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, a petitioner must show trial counsel's performance fell below "an objective standard of reasonableness." *Id.* at 687-91. Specifically, the petitioner must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. In evaluating such conduct, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To satisfy the second prong of the *Strickland* test, "[t]he defendant must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Mr. Brown alleges that his counsel was ineffective at the suppression hearing for failing to ask the questions Mr. Brown had prepared for the witnesses. A review of the record shows that the government called two witnesses at the suppression hearing, Detective Taylor and Detective Wein, both officers of the Baltimore City Police Department. Mr. Brown's counsel extensively questioned both detectives about the circumstances of Mr. Brown's arrest. (ECF No. 37-1, p. 17-36, 54-67.) Her cross-examination was thorough, professional, and directed to

support her arguments that Mr. Brown was not adequately advised of his Miranda rights; that Mr. Brown's interactions with the detectives constituted a *Terry* stop; and that the detectives lacked reasonable suspicion to support the *Terry* stop. (*Id*. at 68-73.) There is no evidence that Mr. Brown's counsel failed to elicit any material information or fell short of professional standards in her cross-examination of the witnesses. Counsel is not obliged to ask every question of witnesses that a defendant proposes. *See United States v. Crum*, 65 F. Supp. 2d 348, 351-52 (D. Md. 1999) (holding that it was not ineffective assistance for counsel to decline to call witnesses the defendant wished to testify or to limit direct examination of the witness who was called). Moreover, "strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengable." *Strickland,* 466 U.S. at 690.[1] Accordingly, Mr. Brown has failed to demonstrate ineffective assistance of counsel at his suppression hearing.

Mr. Brown also alleges that his counsel was ineffective at his sentencing for failing to "object to prosecution's use, in detail, of a 1988 conviction . . . for the purposes of enhancement," failing to provide a psychiatric evaluation of Mr. Brown, and not having copies of the relevant case law. (ECF No. 35, p. 4-5.) These allegations will be considered in turn.

With respect to Mr. Brown's argument that his counsel was ineffective for failing to object to the government's reliance on a 1988 conviction for a sentencing enhancement, the court finds that the allegation is inconsistent with the record. The court imposed no sentencing enhancements in this case. To the contrary, the court sentenced Mr. Brown to the low end of the advisory Guidelines range of 188 to 235 months. Insofar as Mr. Brown may have meant that his counsel should have objected to the use of the 1988 conviction as one of the predicate offenses

---

[1] The court also notes that Mr. Brown stated at his guilty plea, following the suppression hearing, that he was "satisfied with everything" with respect to his legal representation. (ECF No. 37-4, p. 12.)

under the Armed Career Criminal Act (ACCA), the allegation fails for lack of prejudice. At sentencing, the court specifically noted that Mr. Brown's record "includes *six* qualifying convictions for the armed career criminal" mandatory minimum. (ECF No. 37-2, p. 20) (emphasis added). Mr. Brown would have qualified for the mandatory minimum under the ACCA with or without the 1988 conviction, which was listed in the presentence report in addition to being mentioned by the Assistant U.S. Attorney at sentencing. (*Id.* at 5, 6-7.)[2] To prevail on a claim of ineffective assistance in the sentencing context, Mr. Brown must show a "reasonable probability" that the "result of the proceeding would have been different" but for counsel's errors. *Strickland*, 466 U.S. at 694. Mr. Brown has not made that showing.

Mr. Brown's allegation that his counsel was ineffective for failing to submit a psychiatric evaluation also fails the prejudice prong of the *Strickland* test. The court doubts that the decision not to submit a medical evaluation "amount[s] to incompetence under 'prevailing professional norms.'" *United States v. Higgs*, 663 F.3d 726, 739 (4th Cir. 2011) (quoting *Harrington v. Richter,* 131 S. Ct. 770, 788 (2011)). Without reaching that question, however, the court concludes that Mr. Brown's claim fails because there is no reason to believe that the submission of a psychiatric evaluation would have changed Mr. Brown's sentence. First, Mr. Brown's counsel extensively described his medical conditions, including his prosthetic leg and his diagnosis of HIV, as well as his history of abuse, trauma, and drug addiction. (*Id.* at 9, 11-13.) Secondly, the court was made aware of Mr. Brown's psychiatric difficulties both during his own allocution at sentencing, wherein he described having "mood swings, temper tantrums, [and] malevolences," and at his rearraignment in which Mr. Brown stated that he takes "lithium for mood swings." (*Id.* at 18; ECF No. 37-4, p. 4). Furthermore, the court explicitly recognized the

[2] The court's lack of reliance on Mr. Brown's 1988 conviction for assault with intent to maim is also evidenced by the court's specific statement during sentencing that it did not "see anything violent in [Mr. Brown's] recent past." (ECF No. 37-2, p. 20.)

impact of Mr. Brown's medical conditions on his sentence: "Frankly, were it not for some of his other issues, we might not be at the low end of the guideline range. So I am taking into account everything that does affect Mr. Brown's situation individually, and particularly his medical condition, to sentence at the low end of the Guideline range." (ECF No. 37-2, p. 21-22.)[3] Mr. Brown was sentenced at the low end of the Guidelines, and even assuming a psychiatric evaluation would have shown significant mental health concerns, there is no reason to believe this court would have departed from the Guidelines. *See Richter*, 131 S. Ct. at 787-88 ("It is not enough to show that the errors had some conceivable effect on the outcome of the proceeding. Counsel's errors must be so serious as to deprive the defendant of a fair trial . . . .") (internal quotations and citations omitted); *Holiday v. United States*, 2011 WL 3476567 *5 (D. Md. Aug. 8, 2011) (denying a claim of ineffective assistance at sentencing because "even if one assumes that counsel did not press this argument fervently enough, [the defendant] provides no reason to suspect that further argument would have changed the outcome.").[4]

Finally, Mr. Brown's allegation that his counsel was ineffective because she "came to the sentencing without copies of the case law the prosecutor used as evidence" is also unavailing. (ECF No. 35, p. 5.) The record reveals that the Assistant U.S. Attorney did not cite or otherwise reference any case law at the sentencing. (ECF No. 37-2, p. 4-8.) Moreover, counsel's failure to have copies of specific cases at a hearing would not constitute performance that falls below "an objective standard of reasonableness" in any event. *Strickland*, 466 U.S. at 687-91.[5]

---

[3] The court also recognized Mr. Brown's mental health needs when recommending that Mr. Brown receive mental health treatment while in the custody of the Bureau of Prisons. (ECF No. 37-2, p. 22.)

[4] Unpublished opinions are not binding precedent and are cited only for their reasoning.

[5] The Assistant U.S. Attorney suggested in its opposition to Mr. Brown's § 2255 motion that perhaps Mr. Brown meant to refer to the suppression hearing, in which the Assistant U.S. Attorney did refer to specific case law. (ECF No. 37, p. 10.) In that instance, the Assistant U.S. Attorney noted on the record that Mr. Brown's counsel was given copies of all the relevant cases, so the allegation would nonetheless fail. (ECF No. 37-1, p. 76.)

*Certificate of Appealability*

A prisoner seeking a motion to vacate under § 2255 is not automatically entitled to appeal a district court's denial of the motion. 28 U.S.C. § 2235(c)(1)(B). An appeal may only be taken of a final order in a proceeding under § 2255 if "a circuit justice or judge issues a certificate of appealability." *Id.* A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2235(c)(2). To make the necessary showing, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484)), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell,* 573 U.S. 322, 327 (2003) (internal quotations omitted). Mr. Brown has not made the requisite showing for this court to issue a certificate of appealability.

In summary, Mr. Brown has failed to show any grounds for relief under 28 U.S.C. § 2255. A separate Order follows.

May 31, 2012<br>
Date

/s/<br>
Catherine C. Blake<br>
United States District Judge